UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| DEBBIE BOWMAN,                    )  |   |   |
|                     Plaintiff                    )  |   |   |
|                                                      )  |   |   |
| v.                                                )  | C.A. No. 1:12-cv-00246-GZS |   |
|                                                      )  |   |   |
| CAROLYN W. COLVIN,            )  |   |   |
| ACTING COMMISSIONER,      )  |   |   |
| Social Security Administration,[1] )  |   |   |
|                     Defendant.                 )  |   |   |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION
### TO THE REPORT AND RECOMMENDED DECISION

NOW COMES Carolyn W. Colvin, Acting Commissioner of the Social Security Administration and Defendant in the above-captioned action ("Commissioner"), and submits her response to Plaintiff's Objection to the Report and Recommended Decision ("Plaintiff's Objection.")  On March 31, 2013, Magistrate Judge John H. Rich III issued a Report and Recommended Decision which, if adopted by this Court, would affirm the final decision of the Commissioner on Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ('SSI").  That final decision found Plaintiff disabled as of September 15, 2010, when she was involved in a motor vehicle accident, but found her to be not disabled from her alleged disability onset date of October 1, 2005 through September 14, 2010, at Step 4 of the familiar sequential disability evaluation process.[2]  The Commissioner submits

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Under the sequential evaluation process, the adjudicator first determines whether the claimant is performing "substantial gainful activity" (Step 1); if not, whether she has a medically severe impairment or combination of impairments (Step 2); if so, whether the impairment(s) meets or equals a listed impairment (Step 3); if not, whether the impairment(s) prevents her from performing her past work (Step 4); and if so,

that the Magistrate Judge's Report and Recommended Decision correctly found that substantial evidence supports the underlying decision of an administrative law judge ("ALJ") denying Plaintiff's disability claims for that earlier period, and this Court should therefore adopt it.

Plaintiff's Objection primarily stems from the Magistrate Judge's determination that she waived any argument she might have arising out of the underlying ALJ's assessment of her physical residual functional capacity ("RFC") when she expressly declined to press the point in 2009.  In that year, after a 2008 unfavorable ALJ decision on the same underlying disability claims (Administrative Transcript ("Tr.") 8-18) became the Commissioner's final decision, Plaintiff through her current counsel sought judicial review before this Court.  She filed an Itemized Statement of Specific Errors in which she elected not to pursue the ALJ's finding that she had no severe physical impairment.  See Plaintiff's Itemized Statement of Specific Errors (ECF No. 13), Bowman v. Astrue, No. 1:09-cv-161-JAW (D.Me.) ("Bowman I") at pp. 2-3, fn. 3.  After 2009 oral arguments were held before the same Magistrate Judge, Plaintiff ultimately secured an Order remanding the case to the Commissioner for further proceedings on those aspects of her claims pertaining to her mental impairments.  See Report and Recommended Decision (ECF No. 18) and Order (ECF No. 19), Bowman I.

At Plaintiff's October 19, 2011 hearing on remand, the same ALJ declined to obtain additional medical expert testimony with respect to her physical impairments, stating that under the terms of the remand, "the only issue before me is on the mental impairment aspect of the claim."  (Tr. 680)  In his subsequent partially-favorable decision on Plaintiff's disability

---

whether she can perform other work in the national economy, considering her age, education, and work experience (Step 5).  See 20 C.F.R. §§ 404.1520, 416.920. Through the first four steps, the claimant bears the burden of proving disability; it is only at step five that the burden shifts to the Commissioner to show that there is other work in the national economy that the claimant can perform.  See Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

applications, the ALJ adopted his prior finding of no severe physical impairment from the 2008 decision, because "the above remand order is limited to the claimant's mental impairments." (Tr. 657)   Plaintiff then sought judicial review in this case, a new Civil Action before this Court on the same underlying DIB and SSI applications.  In so doing, Plaintiff this time elected to raise a challenge to the ALJ's finding that she had no severe physical impairment, despite waiving that argument in her earlier lawsuit seeking review of the ALJ's 2008 decision.  See Plaintiff's Itemized Statement of Specific Errors (Docket No. 10).

      The Commissioner notes at the outset, as stated in Plaintiff's Objection, that she did not raise waiver as an affirmative defense in her Answer to Plaintiff's current Complaint.  See Answer of Defendant (ECF No. 4).   However, the Complaint in this case generally conformed to this Court's Local Rule 3(c), entitled "Form of Complaint in Social Security Cases," which requires plaintiffs to follow a standardized, perfunctory format for complaints that does not allow for assertions of any particularized arguments.   See Local Rule 3; see also Appendix I, "Model Complaint in Social Security Appeal," to Local Rules of the United States District Court for the District of Maine.   Thus, nothing in the Complaint evidenced Plaintiff's intent to raise the specific issue she had previously waived in the earlier lawsuit, and the Commissioner was not placed on notice of any need to assert waiver as an affirmative defense.   Under the specific procedural circumstances applicable to Social Security appeals, then, the Magistrate Judge did not clearly err by raising and considering the issue of waiver *sua sponte*.

      The Commissioner further notes that the ALJ's actions in this case reflect the efforts of the Commissioner, in general, and of the Portland, Maine hearing office specifically to comply with this Court's expectations.   As stated by counsel for the Commissioner during arguments on

3

this case before the Magistrate Judge on March 12, 2013, the Portland hearing office was specifically aware during the relevant period of the question of whether its ALJs were permitted to revisit issues not addressed by this Court's remand orders when subsequently conducting further administrative proceedings.  Specifically, this Court had remanded another, entirely unrelated Social Security appeal in 2010, in which the plaintiff had been found disabled on her most recent disability claim but reopening of her earlier claims had been denied for failure to timely seek reconsideration of their denial.  This Court's remand Order vacated the underlying ALJ decision – including its finding that the plaintiff was disabled on her current application – and remanded the case for further consideration of whether the plaintiff had demonstrated good cause for missing the procedural deadline to request reconsideration of the denial of her earlier claims.  On remand, the ALJ indicated his intent to also revisit the issue of whether the plaintiff was disabled on her current claim.  The plaintiff filed a motion to clarify this Court's Order, seeking to make clear that the sole issue for which her case had been remanded was the question of whether she had demonstrated good cause for reopening of her earlier claim, and thus to protect her earlier award of disability benefits from possible reversal on remand.

In response, on October 5, 2011, Judge Rich issued a recommended decision on the plaintiff's motion to clarify, in which he reviewed caselaw from around the country pertaining to the so-called "mandate rule," and concluded as follows:

> I intended that, should the court adopt my recommended decision, proceedings on remand be limited to the narrow issue presented on appeal … To interpret the court's order as the commissioner has done not only would have a chilling effect on the exercise of claimants' appeal rights but also is fundamentally inconsistent with my recommended decision, as adopted by Judge Hornby.

4

See Steele v. Astrue, Recommended Decision on Motion for Clarification of Court's Order, No. 2:09-cv-00548-DBH, 2011 WL 4635136 (D.Me. Oct. 5, 2011) (rec. dec., *aff'd* Oct. 25, 2011).[3] Plaintiff's administrative hearing in this case, on remand after this Court's prior decision based solely on her mental impairments, was held just days later, on October 19, 2011.  (Tr. 677) Thus, the ALJ had good reason to believe that this Court intended its Order remanding Plaintiff's earlier court case to only authorize proceedings on the mental impairment issues that were the underlying basis for the Magistrate Judge's remand recommendation that it accepted.

This Court's subsequent decisions confirm its adherence to the "mandate rule."  See, e.g., Day v. Astrue, No. 1:12-cv-141-DBH, 2012 WL 6913439 (Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013), Maddocks v. Astrue, No. 1:11-cv-461-NT, 2012 WL 5255197 (Sept. 30, 2012) (rec. dec., *aff'd* Oct. 23, 2012).  The Commissioner's position at argument before the Magistrate Judge on March 12, 2013, was that the result Plaintiff sought in this case would contravene this Court's expectation that ALJs would adhere to the "mandate rule" in handling cases on remand. At that time, the Commissioner requested that the Magistrate Judge take the opportunity to "clarify when an administrative law judge can revisit issues not expressly set forth in the remand order."  Report and Recommended Decision (Docket No. 16) at p. 11, fn. 7.  While the Magistrate Judge declined to so clarify the boundaries of the "mandate rule," his reliance on Plaintiff's waiver of the issue in her earlier court case instead should be upheld.

Plaintiff argues, in her Objection, that "there is no basis in the law" for the Magistrate Judge's determination that her waiver of arguments related to her physical impairments from her

---

[3] The undersigned Special Assistant United States Attorney was also counsel for the Commissioner in Steele, and worked closely with the Portland hearing office in attempting to address the plaintiff's post-remand concerns, as described above.  The undersigned accordingly forwarded the Magistrate Judge's October 5, 2011 recommended decision to the Portland office promptly upon its issuance.

earlier lawsuit also applies to this lawsuit. Plaintiff's Objection at p. 2. However, the First Circuit has held that in the context of successive court reviews of the same underlying administrative agency findings, "a party may not relitigate in court any issue settled by prior agency proceedings which resulted in an order affirmed in the courts." Springfield Television Corp. v. F.C.C., 609 F.2d 1014, 1019 (1st Cir. 1979). The Commissioner submits that this Court's Order on Plaintiff's earlier lawsuit remanding the case solely for further consideration of her mental impairments, taken in the context of the "mandate rule" discussed supra, constituted an implicit affirmance of that part of the ALJ's 2008 decision that found she had no severe physical impairment. Thus, Plaintiff's assertion that she was entitled to revisit that same issue in post-remand administrative proceedings merely attempts to relitigate this settled issue despite this Court's affirmance of that part of the ALJ's 2008 decision. While the Magistrate Judge may have couched that portion of his Report and Recommended Decision in terms of waiver, the end result is consistent with the First Circuit's holding in Springfield Television Corp. and should therefore be accepted.

The Commissioner further notes that the Magistrate Judge's recommended findings on this point are consistent with principles of judicial and administrative efficiency. The result Plaintiff seeks here would serve as incentive for future Social Security plaintiffs and counsel to hold all but their strongest arguments in reserve when seeking judicial review of adverse final decisions of the Commissioner, as grounds for a "second bite at the apple" should proceedings on remand still not yield the desired result of a fully favorable decision. This result, on its face, would predictably result in duplicative expenditure of scarce resources for both the court, which would have to resolve two lawsuits arising out of the same final decision rather than one, and the

agency, which would potentially have to conduct a second post-remand administrative hearing for the purpose of addressing issues that it could have addressed at the first. Such a result should not be endorsed, and the Commissioner respectfully requests that this Court reject Plaintiff's arguments on this point.

Plaintiff's Objection, at pp. 1-2, also summarizes her other arguments for remand of the Commissioner's final decision on remand, as previously set out in full in her Itemized Statement of Errors (ECF No. 10). With respect to those arguments, concerning Plaintiff's challenges to the ALJ's mental RFC and Step 4 findings, the Commissioner concurs with the Magistrate Judge's reasoning in his Report and Recommended Decision, and respectfully submits that substantial evidence supports his findings. The Commissioner therefore requests that this Court accept the Magistrate Judge's recommendation that the Commissioner's final decision be upheld on those issues as well.

## **CONCLUSION**

For all of the above-stated reasons, and for those asserted at oral argument on March 12, 2013, the Magistrate Judge's Report and Recommended Decision properly found that substantial evidence supported the ALJ's decision denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income payments with respect to the time period of October 1, 2005 through September 14, 2011. This Court should, therefore, accept his Report and Recommended Decision, and issue a Judgment affirming the Defendant Commissioner's final decision.

        Respectfully submitted,

        CAROLYN W. COLVIN,
        Acting Commissioner of Social Security

        By Her Attorneys:

        THOMAS E. DELAHANTY II
        United States Attorney

        /s/ Susan D. Beller
        Special Assistant U.S. Attorney
        Office of the General Counsel, Reg. I
        Social Security Administration
        625 J.F.K. Federal Building
        Boston, Massachusetts 02203
        (617) 565-4288
        susan.beller@ssa.gov

Dated:   May 6, 2013

Certificate of Service

      I hereby certify that on May 6, 2013, I electronically filed this *Defendant's Response to Plaintiff's Objection to the Report and Recommended Decision* using the CM/ECF system. Notification of such filing will be sent to the following:

>Francis M. Jackson, Esq.
>Jackson & MacNichol
>238 Western Ave.
>South Portland, ME   04106
>email: mail@jackson-macnichol.com


>/s/ Susan D. Beller
>Special Assistant U.S. Attorney
>Social Security Administration
>Office of the General Counsel
>625 J.F.K. Federal Building
>Boston, MA 02203
>Phone: (617) 565-4288
>susan.beller@ssa.gov


Dated:   May 6, 2013